This is an accelerated calendar case submitted to this court on the briefs of the parties. Appellant, Roger DiFrangia, appeals from a decision of the Trumbull County Court of Common Pleas, Domestic Relations Division, in which final judgment was entered in his divorce from appellee, Patricia DiFrangia. The following facts are relevant to a determination of this appeal.
On June 6, 1970, the parties were married in Campbell, Ohio. Two children were born as issue of the marriage, and are both now emancipated. On March 17, 1997, appellee filed a complaint for divorce in the trial court. On April 16, 1997, appellant was ordered to pay $455 per month to appellee as temporary spousal support. On April 25, 1997, appellant filed a motion for stay and a motion to set the order aside. Appellant argued that the award was excessive and not in compliance with R.C. 3105.18(B) and (C)(1). The trial court overruled appellant's motions on May 12, 1997.
On March 18, 1998, appellant filed a motion to reduce his spousal support obligation due to an involuntary reduction in pay. Appellant had been Fire Chief for Liberty Township earning an annual salary of approximately $44,000. The township trustees had just demoted him to Captain and cut his salary to approximately $32,000. The matter proceeded to trial along with all contested issues in the divorce on March 16, 1998 and June 1, 1998.
On July 30, 1998, the trial court entered final judgment granting the parties a divorce. In the judgment, the trial court denied appellant's motion to reduce his spousal support and, instead, increased it to $800 per month for a period of ten years. Appellant timely filed a notice of appeal and has set forth four assignments of error.
In the first assignment of error, appellant contends that the trial court erred in its determination of the monthly expenses of the parties. Specifically, appellant objects to the trial court's adoption of the monthly expenses submitted by appellee. Appellant argues that appellee included expenses incurred not only by herself, but also by the parties' two emancipated sons who live with appellee rent-free. Appellant believes that the trial court should have reduced appellee's statement of monthly expenses by two-thirds since two out of the three people living in the house were not his ex-wife.
The Supreme Court of Ohio has held that a trial court has broad discretion in fashioning a support award. Kunkle v. Kunkle
(1990), 51 Ohio St.3d 64, 67, citing Cherry v. Cherry (1981),66 Ohio St.2d 348, 355. "A reviewing court cannot substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion." Id. In order to constitute an abuse of discretion, an appellate court must find that the trial court's attitude was "unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
In the present case, appellee claimed that her monthly expenses totaled $2,627. While it is clear that the parties' two emancipated children lived with appellee, there was no attempt made at the hearing to divide the expenses or allocate certain expenses to certain people. Thus, there was no evidence before the court that the expenses were equally incurred and, therefore, should have been evenly divided as appellant now argues for the first time. Additionally, it is clear from the trial court's judgment entry that the trial court did not blindly accept appellee's expenses as submitted but, instead, lowered them from $2,627 per month to $2,000 per month in its calculation of spousal support. Hence, the trial court may have been taking into account the living arrangement in the household. In either case, appellant has failed to show that the trial court's attitude was unreasonable arbitrary, or unconscionable regarding the issue of appellee's expenses.
Appellant's first assignment of error is without merit.
In the second assignment of error, appellant asserts that the trial court erred by not imputing income to appellee. Specifically, appellant argues that in determining the amount of income attributable to each party, the trial court should have imputed income to appellee above and beyond her annual salary representing the amount of rent she could be receiving if she charged their two emancipated children for living under her roof. We disagree.
To the extent that appellant is claiming that the presence of the two children increases appellee's expenses, that is addressed in our analysis of appellant's first assignment of error. To the extent that appellant is claiming that appellee's needs would be lessened if the children were helping out financially, that is a choice that is best left to appellee. Additionally, spousal support is no longer based upon need but, instead, is now to be awarded in an amount that is "appropriate and reasonable." R.C.3105.18(C)(1). The trial court specifically found that spousal support was appropriate and reasonable in this case. Appellant has failed to convince this court that it was unreasonable not to impute income to appellee.
Appellant's second assignment of error is without merit.
In the third assignment of error, appellant submits that the trial court erred in its determination of support and division of the marital house. Essentially, appellant claims that he got the short end of the divorce stick because he now lives in a one-bedroom apartment while appellee was awarded the marital home valued at $108,000.
However, a careful review of trial court's judgment entry reveals that the court decided to divide the the parties' assets evenly. With respect to the marital residence, the trial court found that neither party had the financial means to purchase the other's portion of the residence. Therefore, to compensate appellant for giving appellee the marital residence, the court reduced the portion of appellant's Police and Fireman Pension that it awarded appellee. There is no requirement that each individual asset be divided equally just because all assets together are divided equally. That simply is not the law in Ohio. Based upon the trial court's decision to divide the total marital assets equally, it would be inequitable to now decide that appellant is entitled to one-half of the marital residence. His loss of equity in the house was balanced by her loss in equity in his retirement fund.
Appellant's third assignment of error is without merit.
In the fourth assignment of error, appellant contends that the trial court erred in failing to reduce the temporary spousal support award pursuant to his motion of March 18, 1998. Appellant asserts that his annual salary dropped from approximately $44,000 to just over $32,000 in early 1998. This reduction in pay was involuntary. Therefore, appellant claims that pursuant to R.C.3105.18, a change of circumstances occurred warranting a reduction in support from the then existing $455 per month award.
It is clear, however, that the trial court specifically considered each parties' salary, including appellant's reduction in pay, in addition to each parties' expenses. The court stated:
 "Plaintiff has been employed at Home Savings Loan for about nine (9) years. Plaintiff's 1997 income was Seventeen Thousand Six Hundred Thirty-Six Dollars ($17,636.00) or about One Thousand Dollars ($1,000.00) per month net. Plaintiff's 1996 income was about Fifteen Thousand Seven Hundred Dollars ($15,700.00).
 "Defendant has been employed at the Liberty Fire Department and for about five (5) years was chief. Since about February 1, 1998, Defendant has been employed as a Captain with the Fire Department. Defendant claims that the decrease in position, and therefore a decrease in pay, was not voluntary and was a result of the decision of the Board of Trustees.
 "Defendant's 1997 W-2 showed earnings of Forty-Four Thousand Four Hundred Twenty-Two Dollars ($44,422.00). Defendant's pay as a captain for the Liberty Fire Department in 1998, is Thirty-Three Thousand Six Hundred Seventy-Five Dollars and Thirty-Six Cents ($33,675.36) per year. Defendant currently nets One Thousand Ninety-Four Dollars ($1,094.00) every two (2) weeks or Two Thousand Three Hundred Seventy Dollars ($2,370.00) per month."
Additionally, the court found that each party had expenses as follows:
 "[T]he Court finds that Plaintiff submitted an expense affidavit and other evidence, showing a need of Plaintiff for Two Thousand Dollars ($2,000.00) a month. The Court further finds that Defendant submitted an expense affidavit, and other evidence, showing a need of Defendant for One Thousand Four Hundred Dollars ($1,400.00) a month."
 The trial court concluded that spousal support was appropriate and reasonable, and that $800 per month would be a fair amount based upon the parties' income and expenses. Based upon the evidence that was before the trial court, we cannot conclude that this award was arbitrary, unreasonable, or unconscionable. If anything, it would appear that appellant had been previously underpaying based upon the temporary support award of $455 per month.
Accordingly, the trial court did not err in failing to reduce the temporary spousal support award. Appellant's fourth assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
 __________________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., O'NEILL, J., (Joseph), Ret., Seventh Appellate District, sitting by assignment, concur.